IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TIM MCDONALD**,

        Plaintiff,

    v.

**HOUTAN ALAYAN** and
**DEBRA ALAYAN**,

        Defendants.

No. 3:15-cv-02426-MO

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiff moves to dismiss Defendants' counterclaims and to strike Defendants' affirmative defenses [11]. For the reasons state below, Plaintiff's motion is GRANTED in part and DENIED in part.

## Discussion

In 2008, Plaintiff, Defendants, and a third party became the sole Members of an Oregon limited liability company, My Sportsman Club, LLC ("MYSC"). Plaintiff and Defendants are the only remaining members. Plaintiff has brought claims against Defendants seeking Defendants' ownership interest in MYSC. Defendants removed this case from state court on December 30, 2015. They filed an answer asserting counterclaims and affirmative defenses on January 6, 2016.

1 – OPINION AND ORDER

**I.    Counterclaims**

1. First Counterclaim- Breach of Contract

Plaintiff first raises a statute of limitations issue. As a preliminary matter, Defendants plan to amend their answers to clarify that the statute was tolled until Mr. Alayan was able to discover Plaintiff's breach. I find it appropriate that they do so.

In addition to the statute of limitations issue, Plaintiff argues Defendants' first counterclaim fails to state a claim for breach of contract. The issue is whether Plaintiff's unilateral decision to advance payment for shortfalls of the third member, D&J Development, breached the Operating Agreement of the LLC. The Operating Agreement provides "any member who fails for any reasons to make a capital call contribution within 30 days will be in breach of this agreement, unless the other Members ('The Advancing Members') . . . advance funds for the account of the Defaulting Member." Plaintiff and Defendants dispute whether "other members" means only Plaintiff who made the advance or all non-defaulting members. Because the contract is ambiguous, "interpretation of the agreement presents a fact issue that cannot be resolved on a motion to dismiss." *ASARCO, LLC v. Union Pac. R. Co.,* 765 F.3d 999, 1008-09 (9th Cir. 2014) (citation omitted). I therefore DENY the motion to dismiss.

2. Second Counterclaim – Breach of Fiduciary Duty

As above, Defendants have agreed to amend their answer to clarify the dates of the breach and I find it appropriate that they do so.

Plaintiff argues Defendants' counterclaims fail to state sufficient facts to support a claim of breach of fiduciary duty through self-dealing. Defendants allege: 1) Plaintiff inflated the value of his own "noncash" capital contributions; 2) Plaintiff claimed to have advanced capital shortfalls and never personally did so; and 3) Plaintiff has been collecting rent from the

company's property without surrendering that income to the company. These are sufficient facts to support Defendants' charge of self-dealing. I DENY Plaintiff's motion to dismiss as to Defendants' second counterclaim.

3. Fourth Counterclaim - Promissory Estoppel and Unjust Enrichment

Defendants' fourth counterclaim seems to allege Plaintiff delayed in bringing his suit in order to collect more money from the Defendants as "capital calls" while knowing he would eventually divest them of their total interest through this suit.

Plaintiff argues this claim should be dismissed as it must be brought against the company rather than Plaintiff because the company is the party who has benefitted from the capital calls. Defendants argue that once Plaintiff wins on his claims (which is a predicate of this claim proceeding), Plaintiff will own 100% of the company and therefore a suit against Plaintiff is a suit against the company. This argument undermines the *raison d'etre* of an LLC. *Benson Apartments LLC v. Douglas Cty. Assessor*, , 2005 WL 1804412, at *3 (Or. T.C. July 27, 2005) ("the primary purpose of an LLC is to limit the liability of members"). I find that this claim should be brought against the company and therefore GRANT Plaintiff's motion to dismiss.

Plaintiff makes several more arguments against the fourth counterclaim. I address them to streamline any amended claim. In its current form, Defendants' answer fails to sufficiently state a claim for promissory estoppel or unjust enrichment. If they decide to bring an amended complaint, Defendants are advised to separate their allegations into unique counterclaims.

4. Fifth Counterclaim – Accounting

Defendants seem to be bringing their fifth claim under a statute which outlines "an accounting" as part of the duty of loyalty in connection with an LLC. OR. REV. STAT. ANN. § 63.155. The statute states: "A member's duty of loyalty to a member-managed limited liability company and its other members includes the following . . . to]o account *to the limited liability*

3 – OPINION AND ORDER

*company* and hold for it any property, profit or benefit. . . ." *Id*. The text of the statute outlines the accounting is to be made to the limited liability company. In order for the claim to proceed then, the company would have to bring it. Because the company is not yet a party to this action, I GRANT Plaintiff's motion to dismiss the fifth counterclaim.

## II. **Affirmative Defenses**

1. First Affirmative defense – Failure to State a Claim

Plaintiff argues this is not an affirmative defense, but rather a motion to be made under Rule 12. Plaintiff is incorrect. "[F]ailure to state a claim is commonly pled as an affirmative defense in an answer because FRCP 12(h)(2) allows it to be raised in any pleading, as well as by a motion under Rule 12(c) or at trial. *Gessele v. Jack in the Box, Inc.*, 2011 WL 3881039, at *3 (D. Or. Sept. 2, 2011) (quotations omitted). I DENY Plaintiff's Motion to Strike Defendants' First Affirmative Defense.

2. Second through Seventh Defenses

Plaintiff argues these affirmative defenses merely state legal doctrine and include no facts or explanation sufficient to support them. Defendants contend they need only conform to notice pleading and suggest early and prompt discovery can cure any factual deficiencies. Under Rule 12(f), the court has the discretion to strike a pleading or portions thereof. *MGA Entm't, Inc. v. Mattel, Inc.*, 2005 WL 5894689, at *4 (C.D. Cal. 2005). In considering a motion to strike, the court views the pleadings in the light most favorable to the non-moving party. *See In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

First, I must determine the pleading standard to apply to affirmative defenses. The Ninth Circuit has required affirmative defenses to give "fair notice," which "only requires describing the defense in general terms." *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir.

2015); Pleading Affirmative Defenses, 5 Fed. Prac. & Proc. Civ. § 1274 (3d ed.) ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense."). District courts within the Ninth Circuit are split on how the "fair notice" standard relates to the factual plausibility pleading standard the Supreme Court outlined for claims in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See J & J Sports Productions, Inc. v. Scace*, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011); *Youssofi v. Allied Interstate LLC*, 2016 WL 29625, at *2 (S.D. Cal. Jan. 4, 2016). I find that "fair notice" is a different, less stringent standard than the factual plausibility standard articulated in *Twombly* and *Iqbal*.

First, and most importantly, the Ninth Circuit has continued to recognize, unchanged, the "fair notice" standard of affirmative defense pleading even after *Twombly* and *Iqbal*. This suggests the Ninth Circuit does not believe those two cases have altered the analysis of affirmative defenses. *See Simmons v. Navajo,* 609 F.3d 1011, 1023 (9th Cir. 2010); *Schutte & Koerting, Inc. v. Swett & Crawford,* 298 Fed. Appx. 613, 615 (9th Cir. 2008).

Further, the Supreme Court considered Federal Rule of Civil Procedure 8(a)(2) in *Twombly* and *Iqbal*, but did not consider Rule 8(c) which governs affirmative defenses and for which the Ninth Circuit has required only fair notice. *See Iqbal,* 556 U.S. at 678-79; *Twombly,* 550 U.S. at 555. The Supreme Court's analysis in *Iqbal* suggests that the differences between Rule 8(a)(2) and 8(c) are important. Rule 8(a)(2) requires a party stating a *claim* for relief provide "a short and plain statement of the claim *showing* that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). However, Rule 8(c) only requires a responding party to *"affirmatively state"* its defenses. FED. R. CIV. P. 8(c) (emphasis added). Rule 8(a)(2) requires

5 – OPINION AND ORDER

pleading with factual plausibility because it requires that the party "show[ ]" that it is entitled to relief. *Iqbal,* 556 U.S. at 679 ("but where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.' ") (quoting FED. R. CIV. P. 8(a)(2)). In contrast, Rule 8(c) has no requirement to "show" entitlement to a defense. *See* FED. R. CIV. P. 8(c). "Applying the same pleading standard to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013) (quoting from *Twombly* 550 U.S. at 569 n. 14).

Even viewing fair notice as a lower standard than the one demanded by *Twombley* and *Iqbal*, Defendants have failed to meet it with most of their affirmative defenses. Fair notice does not require a detailed statement of facts. *Id.* at 608. But it does require the defendant state the nature and grounds for the affirmative defense. *Id.* Defendants' second, third, fourth, sixth, and seventh affirmative defenses set out the "nature" of the defense, but provide no "grounds" to support it. They are conclusory allegations consisting of a title asserting the defense and then a one sentence explanation that adds nouns and verbs. As such, I GRANT Plaintiff's motion to strike the second, third, fourth, sixth, and seventh affirmative defenses.

The fifth defense offers slightly more. It is titled "Set Off" and alleges Plaintiff has failed to apply all amount, proceeds, distribution, or money due to Defendants as a result of Defendants' membership and ownership rights in MYSC to any alleged debt or financial obligation of Defendants. This is sufficient and I DENY Plaintiff's motion to strike the fifth affirmative defense.

**Conclusion**

For the reasons stated above, I GRANT Plaintiff's Motion to Dismiss as to Defendants' fourth and fifth Counterclaims. I DENY Plaintiff's Motion to Dismiss as to Defendants' first and second counterclaims, so long as Defendant appropriately files an amended answer within fourteen days. I GRANT Plaintiff's Motion to Strike Defendants' the second, third, fourth, sixth, and seventh affirmative defenses. I DENY Plaintiff's Motion to Strike Defendants' first, seventh, and fifth counterclaim. Defendants have leave to amend and the amended answer is to be filed within fourteen days.

DATED this  12   day of May, 2016.

 /s/ Michael W. Mosman
MICHEAL W. MOSMAN
Chief United States District Judge